UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTWAUN BROWN,

    Petitioner,

v.                                                                        Case No. 8:20-cv-890-T-02SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Mr. Brown, a Florida inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent moves to dismiss the petition as time-barred (Doc. 7). Although afforded the opportunity, Mr. Brown failed to respond to the motion. Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

On February 23, 2015, Mr. Brown pleaded no contest to three counts of sexual battery (Respondent's Ex. 7). He was sentenced to 15 years in prison (Respondent's Ex. 8). His convictions and sentences were affirmed on appeal on February 3, 2017 (Respondent's Ex. 14).

On May 12, 2017, Mr. Brown filed a Motion for Post-Conviction Relief under Rule. 3.850, Florida Rules of Criminal Procedure (Respondent's Ex. 16). After the motion was stricken (Respondent's Ex. 18), Mr. Brown filed an amended Rule 3.850 motion (Respondent's Ex. 21). The amended motion was denied on January 16, 2018 (Respondent's Ex. 22). The denial of the motion was affirmed on appeal (Respondent's Ex. 26), and the appellate court mandate issued on

1

October 5, 2018 (Respondent's Ex. 27).

On December 17, 2018, Mr. Brown filed a second Rule 3.850 motion (Respondent's Ex. 31). That Rule 3.850 motion was denied on April 4, 2019 (Respondent's Ex. 33). Mr. Brown did not appeal the denial of the second Rule 3.850 motion. He filed his federal habeas petition on April 22, 2020 (Doc. 1).

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondent moves to dismiss the amended petition as time-barred under § 2244(d), arguing that more than one year passed after Mr. Brown's judgment became final.

Because Mr. Brown's convictions were affirmed on appeal on February 3, 2017, his judgment became final 90 days later, on May 4, 2017, when the time for filing a petition for writ of certiorari in the Supreme Court of the United States expired. See Sup.Ct. R. 13(3) ("[t]he time to file a petition for. . .writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. . . ."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274–75 (11th Cir.2006) (stating the 90–day period begins

2

to run from the date of entry of judgment and not the issuance of the mandate). Mr. Brown therefore had until May 4, 2018, in which to file a timely federal habeas petition under § 2254. His initial federal habeas petition was filed on April 22, 2020, nearly two years after his convictions became final. Accordingly, unless the limitations period was tolled for a sufficient period of time by properly filed state court post-conviction applications, his petition is untimely.

After seven days of the AEDPA's limitations period expired, Mr. Brown's Rule 3.850 state post-conviction motion, filed on May 12, 2017, tolled the AEDPA's limitations period through October 5, 2018, when the appellate court issued its mandate affirming the denial of the Rule 3.850 motion. *See Bismark v. Sec'y, Dep't of Corr.*, 171 F. App'x 278, 280 (11th Cir. 2006). Another seventy-three days of the AEDPA's limitations period elapsed before Mr. Brown filed his second Rule 3.850 motion on December 17, 2018. That motion, however, did not toll the limitations period because it was not properly filed since the state post-conviction court denied the motion, among other reasons, "for [Mr. Brown's] failure to include the certification required under Rule 3.850(n)(2)[.]" (Respondent's Ex. 33, p. 3). *See Downing v. Florida*, 2017 U.S. Dist. LEXIS 181143, at *10 (N.D. Fla. Sep. 20, 2017) (Rule 3.850 motion dismissed for failing to meet certification requirements of Rule 3.850(n)(2) was not "properly filed" and therefore did not toll the AEDPA's limitations period). Therefore, the limitations period elapsed on September 30, 2019.[1]

Mr. Brown has not alleged or established that any equitable tolling of the limitations period is warranted; nor has he alleged or shown that he can prove actual innocence in order to

---

1 Respondent correctly argues that even if the second Rule 3.850 motion had tolled the AEDPA's limitations period, the limitations period would have elapsed on February 17, 2020, before Mr. Brown filed his federal habeas petition in April 2020 (see Doc. 7, p. 4).

3

overcome the time bar.[2] Accordingly, Mr. Brown's federal habeas petition is time-barred.

Respondent's construed motion to dismiss (Doc. 7) is therefore **GRANTED**. Mr. Brown's petition for a writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The Clerk shall enter judgment against Mr. Brown and close this case.

## Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal Denied

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time barred is procedural). Mr. Brown cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled

---

[2] *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) (actual innocence can overcome the statute of limitations in AEDPA); *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[28 U.S.C] § 2244(d) is subject to equitable tolling in

4

to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on September 14, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to:
Antwaun Brown, *pro se*
Counsel of Record

---

appropriate cases.").

5